# EXHIBIT 1

U.S. Department of Justice
United States Marshals Service



# REQUEST
## FOR SERVICE ABROAD OF JUDICIAL OR EXTRAJUDICIAL DOCUMENTS

*DEMANDE*
*AUX FINS DE SIGNIFICATION OU DE NOTIFICATION À L'ETRANGER*
*D'UN ACTE JUDICIAIRE OU EXTRAJUDICIAIRE*

Convention on the service abroad of judicial and extrajudicial documents in civil or
commercial matters, signed at The Hague, November 15, 1965.
*Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou*
*extrajudiciaires en matière civile ou commerciale, signée à La Haye, le 15 novembre 1965.*

12-5x5-1471

| Identity and address of the applicant<br>*Identité et adresse du requérant* | Address of receiving authority<br>*Adresse de l'autorité destinataire* |
|---|---|
| GALOW & SMITH, P.C.<br>Jerry Galow, Attorney at Law<br>1204 Nueces Street<br>Austin, Texas 78701<br>U.S.A.<br>Attorneys for Carlton Energy Group, L.L.C. | People's Republic of China, Ministry of Justice<br>International Legal Cooperation Center (ILCC)<br>6, Chaoyangmen Nandajie<br>Chaoyang District<br>Beijing; P.C. 100020 |

The undersigned applicant has the honour to transmit -- in duplicate-- the documents listed below and, in conformity
with article 5 of the above-mentioned Convention, requests prompt service of one copy thereof on the addressee, i.e.,
(identity and address)
*Le requérant soussigné a l'honneur de faire parvenir--en double exemplaire--à l'autorité destinataire les documents ci-dessous*
*énumérés, en la priant, conformément à l'article 5 de la Convention précitée, d'en faire remettre sans retard un exemplaire au*
*destinataire, à savoir:*
(identité et adresse)

Cliveden Petroleum Company Limited
Beijing Office, No. 6-1 Fuchengmen Beidajie, Xicheng District, Beijing , China, 100034

☒ (a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention.*
*a) selon les formes légales (article 5 alinéa premier, lettre a).*

☐ (b) in accordance with the following particular method (sub-paragraph (b) of the first paragraph of article 5)*:
*b) selon la forme particulière suivante (article 5, alinéa premier, lettre b) :*

☐ (c) by delivery to the addressee, if he accepts it voluntarily (second paragraph of article 5)*:
*c) le cas échéant, par remise simple (article 5, alinéa 2).*

The authority is requested to return or to have returned to the applicant a copy of the documents and of the annexes
with a certificate as provided on the reverse side.
*Cette autorité est priée de renvoyer ou de faire renvoyer au requérant un exemplaire de l'acte - et de ses annexes - avec*
*l'attestation figurant au verso.*

List of documents
*Enumération des pièces*

✓ Plaintiff's First Amended Petition to Enforce the
Binding Arbitration Clause
✓ Exhibit A
✓ Citation (Secretary of State of Foreign Corporation)

Done at October _____ , the 12th
*Fait à* _____ , le

Signature and/or stamp
*Signature et/ou cachet*

---

*Delete if inappropriate*
*Rayer les mentions inutiles.*

Form USM-94
Est. 11/77
(Formerly OBD-116, which was formerly LAA-116, both of which may still be used)

**CERTIFICATE**
*ATTESTATION*

The undersigned authority has the honour to certify, in conformity with article 6 of the Convention,
*L'autorité soussignée a l'honneur d'attester conformément à l'article 6 de ladite Convention,*

1) that the document has been served *
*1)  que la demande a été exécutée*
   -- the (date) -- *le (date)* _____
   -- at (place, street, number) - *à (localité, rue, numéro)* _____

   -- in one of the following methods authorized by article 5:
   -- *dans une des formes suivantes prévues à l'article 5:*

      ☐ (a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention*.
         *a) selon les formes légales (article 5. alinéa premier, lettre a)*

      ☐ (b) in accordance with the following particular method:
         *b) selon la forme particulière suivante:* _____

      ☐ (c) by delivery to the addressee, who accepted it voluntarily.*
         *c) par remise simple.*

   The documents referred to in the request have been delivered to:
   *Les documents mentionnés dans la demande ont été remis à:*

      - (identity and description of person)
      - *(Identité et qualité de la personne)*
      _____

      - relationship to the addressee family, business or other
      - *liens de parenté de subordination ou autres avec le destinataire de l'acte:*
      _____

2) that the document has not been served, by reason of the following facts*:
*2) que la demande n'a pas été exécutée, en raison des faits suivants:*

_____

In conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement*
*Conformément  à l'article 12, alinéa 2, de ladite Convention, le requérant est prié de payer ou de rembourser les frais dont le détail figure au mémoire ci-joint.*

ANNEXES
*Annexes*

Documents returned:
*Pieces renvoyées*

_____
_____
_____

In appropriate cases, documents establishing the service:
*Le cas échéant, les documents justificatifs de l'exécution:*

_____
_____

Done at _____ , the _____
*Fait à* _____ , *le* _____

Signature and/or stamp
*Signature et/ou cachet*

# SUMMARY OF THE DOCUMENT TO BE SERVED
## *ÉLÉMENTS ESSENTIELS DE L'ACTE*

**Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, November 15, 1965.**

*Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matière civile ou commerciale, signée à La Haye, le 15 novembre 1965.*

**(article 5, fourth paragraph)**
*(article 5, alinéa quatre)*

**Name and address of the requesting authority:**
*Nom et adresse de l'autorité requérante:*

Jerry Galow, Attorney at Law, 1204 Nueces Street, Austin, Texas 78701 U.S.A.

**Particulars of the parties:**
*Identité des parties:*

Plaintiff - Carlton Energy Group, L.L.C.; Defendants - Cliveden Petroleum Co. Ltd & Cliveden Petroleum SA

### JUDICIAL DOCUMENT
*ACTE JUDICIA IRE*

**Nature and purpose of the document:**
*Nature et objet de l'acte:*

Notify Defendants of lawsuit, have Defendants answer said lawsuit, & to compel Defendants to arbitration.

**Nature and purpose of the proceedings and, where appropriate, the amount in dispute:**
*Nature et objet de l'instance, le cas échéant, le montant du litige:*

Lawsuit in the 55th Judicial District of Harris County, Texas, U.S.A.

**Date and place for entering appearance:**
*Date et lieu de la comparution:*

Defendants have 60 days after service to file an answer or other response.  28 U.S. Section 1608(d).

**Court which has given judgment\*\*:**
*Juridiction qui a rendu la décision:*

No judgment has been given at this time.

**Date of judgment\*\*:**
*Date de la décision:*

No judgment has been given at this time.

**Time limits stated in the document\*\*:**
*Indication des délais figurant dans l'acte:*

Defendants have 60 days after service to file an answer or other response.  28 U.S. Section 1608(d).

### EXTRAJUDICIAL DOCUMENT
*ACTE EXTRAJUDICIAIRE*

**Nature and purpose of the document:**
*Nature et objet de l'acte:*

Notify Defendants of lawsuit, have Defendants answer said lawsuit, & to compel Defendants to arbitration.

**Time limits stated in the document:\*\***
*Indication des délais figurant dans l'acte:*

Defendants have 60 days after service to file an answer or other response.  28 U.S. Section 1608(d).

CAUSE NO. 201227788

| | RECEIPT NO. 444878 | 0.00 | ATY |
|---|---|---|---|
| | 09-10-2012 | TR # 72822169 | |

PLAINTIFF: CARLTON ENERGY GROUP L L C
    vs.
DEFENDANT: CLIVEDEN PETROLEUM COMPANY LIMITED

In The  55th
Judicial District Court
of Harris County, Texas
55TH DISTRICT COURT
Houston, TX

CITATION (SECRETARY OF STATE FOREIGN CORPORATION)

THE STATE OF TEXAS
County of Harris

TO: CLIVEDEN PETROLEUM COMPANY LIMITED (AN AGENCY OR INSTRUMENTALITY OF
    FOREIGN STATE OF THE PEOPLES REPUBLIC OF CHINA) BY SERVING ITS REGISTERED
    AGENT MR XUE LIANGQING MAY BE SERVIED THROUGH THE HAGUE CONVENTION
    FORWARD TO:


    Attached is a copy of <u>PLAINTIFFS FIRST AMENDED PETITION TO ENFORCE THE BINDING ARBITRATION</u>
<u>CLAUSE</u>

This instrument was filed on the <u>10th day of September, 2012</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED,  You may employ an attorney.  If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 12th day of September, 2012, under my hand and
seal of said Court.

<u>Issued at request of:</u>
GALOW, JERRY
1204 NUECES ST
AUSTIN, TX 78701
Tel: (512) 481-0200
<u>Bar No.</u>: 7594400

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline       Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

GENERATED BY: MOSLEY, DEANDRA SHAN   73J/73J/9379143

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock _____ .M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock _____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a
true copy of this Citation together with the accompanying _____     copy(ies) of the
                                                    Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

Fee: $_____

_____

_____ of _____ County, Texas

_____     By _____
        Affiant                                      Deputy

Filed 12 September 10 A11:28
Chris Daniel - District Clerk
Harris County
ED101J017068687
By: deandra mosley

CAUSE NO.: 2012-27788

| | | |
|---|---|---|
| CARLTON ENERGY GROUP, L.L.C. | § | IN THE DISTRICT COURT OF |
| *Plaintiff*, | § | |
| | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CLIVEDEN PETROLEUM COMPANY | § | |
| LIMITED and CLIVEDEN | § | |
| PETROLEUM SA | § | |
| *Defendant.* | § | 55TH JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST AMENDED PETITION TO ENFORCE THE BINDING ARBITRATION CLAUSE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CARLTON ENERGY GROUP, L.L.C., PLAINTIFF herein, and files this PLAINTIFF'S FIRST AMENDED PETITION TO ENFORCE THE BINDING ARBITRATION CLAUSE, complaining of and against CLIVEDEN PETROLEUM COMPANY LIMITED and CLIVEDEN PETROLEUM SA, DEFENDANTS herein, and, in support thereof, would respectfully show this Honorable Court the following:

## I. DISCOVERY-CONTROL PLAN

1.     Plaintiff intends that this case be conducted pursuant to a Level 3 Discovery-Control Plan in accordance with Texas Rule of Civil Procedure 190.4.

## II. PARTIES AND SERVICE INFORMATION

2.     Defendant Cliveden Petroleum SA, an agency or instrumentality of the foreign state of Switzerland, has no registered service agent in the State of Texas or the United States of America. The Country of Switzerland is a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. Accordingly, Plaintiff will serve Defendant with the appropriate summons in accordance with the Hague Convention on the Service Abroad

of Judicial and Extrajudicial Documents.  Defendant Cliveden Petroleum SA can be served at its

Switzerland address of:

Cliveden Petroleum SA
Chemin Du Velours 24
1231 Conches
Switzerland

3.      Defendant Cliveden Petroleum Company Limited, an agency or instrumentality of the

foreign state of The People's Republic of China, has no registered service agent in the State of

Texas or the United States of America.  The People's Republic of China is a signatory to the

Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.

Accordingly, Plaintiff will serve Defendant Cliveden Petroleum Company Limited with the

appropriate summons in accordance with the Hague Convention on the Service Abroad of

Judicial and Extrajudicial Documents.  Defendant Cliveden Petroleum Company Limited can be

served at the address of its chairman, Mr. Xue Liangqing:

Bejing Office
No. 6-1 Fuchengmen Beidajie
Xicheng District
Bejing, China
Zip Code: 100034
Telephone: (8610) 5855-1114
Fax: (8610) 5855-1000

### III. JURISDICTION AND VENUE

4.      This Court has personal jurisdiction over Defendants as they purposely availed

themselves to the State of Texas' jurisdiction, Defendants had sufficient minimum contacts with

the State of Texas and its residents to warrant being subject to this State's jurisdiction, and to

exercise personal jurisdiction over Defendants and require them to defend a suit in the State of

Texas would not insult the traditional notions of fair play and substantial justice.

5.    This Court has subject matter jurisdiction over this matter as the amount in controversy is in excess of its minimum jurisdictional limits.

6.    Venue is proper in Harris County, Texas as the events or omissions at issue in this lawsuit occurred in whole, or in substantial part, in Harris County, Texas.  Tex. Civ. Prac. & Rem. Code § 15.002(a)(1) (West 2010).

### IV. INTRODUCTION

7.    This lawsuit involves a dispute between Plaintiff and Defendants stemming from Defendants' breach of an "Assignment Agreement" entered into by Tom O'Dell in his capacity as Chairman and Managing Director of Carlton Energy Group, L.L.C. and Paul E. Vickory in his capacity as President of Cliveden Petroleum Company Limited.

8.    Defendants were both part of the same organization when the Assignment Agreement was signed, and, thus, are both proper Defendants.

### V. EVIDENCE RELIED UPON

9.    Plaintiff incorporates the following by reference as if fully set out herein:

          Exhibit A       The "Assignment Agreement" between Plaintiff and Defendants.

### VI. FACTS

10.   Plaintiff signed the Assignment Agreement in his capacity as Chairman and Managing Director of Carlton Energy Group, L.L.C.  (Exhibit A, page 5).  Paul E. Vickroy, signed the Assignment Agreement in his capacity as President of Cliveden Petroleum Company Limited. (Exhibit A, page 5).  The Assignment Agreement was entered into on March 31, 2000.  (Exhibit A, page 5).

11.   The Assignment Agreement reads in relevant part:

...in the event of any dispute between the parties whatsoever arising under this Agreement, the parties agree to submit such dispute to binding arbitration to be held in Harris County, Texas.

(Exhibit A, page 3, clause (4)(b)).

12.     Defendants' actions amounted to a breach of the Assignment Agreement contract, and are, thus, within the scope of the arbitration agreement at issue.

## VII. ARGUMENTS

13.     A written agreement to arbitrate is valid and enforceable if the agreement is to arbitrate a controversy that arises between the parties after the date of the agreement. Tex. Civ. Prac. & Rem. Code § 171.001(a)(2). The law is abundantly clear in this instance. There was a binding arbitration clause in the Assignment Agreement when the parties signed the agreement, Defendants breached the Assignment Agreement after it was executed, thus, the arbitration clause should be given credence and govern the pursuit of these matters against Defendants.

14.     The causes of action between Plaintiff and Defendants should be compelled to binding arbitration. It is unambiguous that the parties herein contracted and agreed that "any dispute between parties whatsoever arising under this Agreement" be submitted to "binding arbitration."

15.     "Arbitration of disputes is strongly favored under federal and state law. Accordingly, a presumption exists against the waiver of a contractual right to arbitration. *Prudential Secs. Inc. v. Marshall*, 909 S.W.2d 896, 898-99 (Tex.1995).

16.     "Any Doubts regarding the scope of arbitration agreement[s] are resolved in favor of arbitration...Because the courts favor arbitration awards as a means of disposing of disputes, the courts indulge every reasonable presumption in favor of upholding the awards." *Koch v. Koch*, 27 S.W.3d 93, 96 (Tex.App.—San Antonio 2000, no pet.).

17.     In determining whether a claim falls within the scope of an arbitration agreement, "an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is **not** susceptible of an interpretation that covers the asserted dispute." *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-83 (1960)(emphasis added).   The United States Supreme Court and the United State Court of appeals For the Fifth Circuit have characterized arbitration provisions with language similar to the one in this case as "broad arbitration clauses capable of expansive reach." *Pennzoil Exploration & Prod. Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1067 (5th Cir. 1998)(stating that "any dispute, controversy or claim arising out of or in relation to or in connection with this Agreement" is a broad arbitration clause that "embraces all disputes between the parties having a significant relationship to the contract regardless of the label attached to the dispute."); *see also Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 397-98 (1967)(labeling as "broad" a clause requiring arbitration of "any controversy or claim arising out of or relating to this Agreement.").

18.     Defendants' actions amounted to a breach of the Assignment Agreement, thereby triggering the arbitration clause fully contained therein.   Undeniably, there is a valid and enforceable agreement to arbitrate between Plaintiff and Defendants.   The claims Plaintiff levy against Defendants arise out of the Assignment Agreement.   Therefore, the arbitration clause, Texas statutes, Texas case law and federal case law all mandate that Plaintiff and Defendants arbitrate these matters in Harris County, Texas.   Plaintiff merely asks that the Court honor the valid agreement to which the parties mindfully entered.

## VIII. PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendants answer herein, and that the Honorable Court compel the parties herein to binding arbitration in Harris County, Texas.

Respectfully submitted,

GALOW & SMITH, P.C.
1204 Nueces Street
Austin, Texas 78701
(512) 481-0200
(512) 481-0250 Telefax

By: _____
**JERRY GALOW**
State Bar No. 07594400
Jerry@Galowlaw.com
**ATTORNEY FOR PLAINTIFF**
**CARLTON ENERGY GROUP, L.L.C.**

05/18/2010  18:11   7139329661                                    PAGE  03/07

07/31/2008  16:19   7136585237                                   PAGE  02
3-31-200 4:19PM    FROM CARLTON/ENERGY/GROUP +1 713 932 9561        P. 1

## CLIVEDEN PETROLEUM CO. LTD.

### ASSIGNMENT AGREEMENT

This Assignment Agreement ("Agreement") is made and entered into effective as of February 15, 2000 ("Effective Date") by and between Carlton Energy Group, LLC, a Texas limited liability company ("Assignor") and Cliveden Petroleum Co. Ltd., a British Virgin Islands corporation ("Assignee").

**RECITALS:**

A.   Assignor owns and holds an undivided ten percent (10%) working interest together with all rights pertaining thereto (the "Interest") in and under that certain Convention established between and among the Republic of Chad ("Chad"), Trinity Energy Resources, Inc., a Nevada corporation ("Trinity"), Oriental Energy Resources, Ltd., a *Nigerian* corporation ("Oriental"); and Assignor, dated April 7, 1999, together with exploration Permit "H" issued by the government of Chad (collectively, the "Convention"), covering exploration and development in three (3) areas of northern, central, and southern regions of Chad covering approximately one hundred eight million (108,000,000) acres (the "Area").

B.   Assignor desires to assign, and Assignee desires to acquire, the Interest in consideration and exchange for an undivided ten percent (10%) net profits interest in Assignee (the "Assignee Interest").

**AGREEMENT:**

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, the Assignor and Assignee hereby agree as follows:

(1)   *Assignment of Interest.* For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Assignor agrees to assign, and does hereby transfer and assign to Assignee or its nominee, subject to any requisite approval of the Minister of Mines and Energy of Chad ("Minister"), all of the rights and interest of Assignor in and to the Interest and this Convention. Assignor shall execute and deliver to Assignee a separate Assignment for acceptance by Assignee and approval by the Minister, in substantially the form attached hereto as Exhibit A hereof (the "Assignment").

(2)   *Grant of Assignee Interest.* In consideration of the Assignment and this Agreement, Assignee hereby grants to Assignor a carried, undivided ten percent (10%) interest in distributable net profits (as hereinafter defined) of





EXHIBIT
A

Cliveden Petroleum Co. Ltd.
Assignment Agreement
Page 2

Assignee. An amount equal to ten percent (10%) of the distributable net profits of Assignee, determined on a quarterly basis during each calendar year, shall be paid and distributed to Assignor by Assignee within forty-five (45) days after the end of each calendar quarter, accompanied by a statement of distributable net profits prepared by or under the direction of management of Assignee setting forth the computation and determination of distributable net profits of Assignee for the previous calendar quarter. As used herein, the term distributable net profits means the net income of Assignee from earnings and receipts from operations, fees, and disposition of assets, including without limitation, royalties and bonuses, before income taxes, interest on indebtedness, depreciation, amortization, less all costs and expenses of operations, administration, sales, severance, and production taxes, and similar burdens, and all costs hereto or hereinafter incurred by Assignee, including third-party costs with respect to the Convention and other properties, and all investment, exploitation costs and expenditures, whether capitalized or expensed for bookkeeping and accounting purposes, determined on a cash basis, and otherwise in accordance with generally accepted accounting standards consistently applied.

① (excluding
salaries of
directors,
principals or indirect
owners)

Av
PV

(3)    Assignor Fee. Assignee shall assume payment of a fee to Assignor in the amount of five hundred thousand dollars ($500,000), representing payments owed to Assignor by third parties for the efforts of Assignor in identifying, evaluating, structuring, and negotiating the Convention, which obligation has been assumed by Assignee (the "Fee"); provided, however, that the amount of the Fee shall be payable only out of and to the extent that Assignee shall receive net royalties, fees, bonuses, or other payments associated with a farmout or assignment of any interests owned by Assignee with respect to the Convention, after recoupment by Assignee of all of its investment, costs, and expenses, whether or not capitalized, incurred in connection with the Convention, including third-party costs, fees, commissions, travel expenses, prospect, seismic, engineering, and other "sunk" costs, together with recovery and recoupment of any and all expenditures assumed or incurred by Assignee in connection with and as described in that certain Agreement dated December 27, 1999 between Trinity Energy Resources, Inc. and Assignee.

(4)    Administrative Offices. Effective March 1, 2000, Assignor shall provide and Assignee will be permitted to occupy and utilize a portion of the offices of Assignor located at 952 Echo Lane, Suite #210, Houston, Texas 77024 for the Houston headquarters of Assignee and to support the technical and commercial work that is being undertaken by Assignee and its consultants.

Av
PV

Cliveden Petroleum Co. Ltd.
Assignment Agreement
Page 3

For this support and use of office space, Assignee will pay Assignor a fee of ten thousand dollars ($10,000) per month payable in advance on the 1st day of each month beginning March 1, 2000. *Assignor will be reimbursed reasonable direct out of pocket costs expended on behalf of Assignor Assignee by Assignor.* ACO PV

(4)     *General Provisions.*

(a)     This Agreement shall be construed in accordance with, and governed by, the laws of the State of Texas, without giving effect to the conflict of laws provisions thereof. The venue of any legal proceedings whatsoever related to any dispute under this Agreement shall be in the state or federal courts, as the case may be, of Harris County, Texas.

(b)     Notwithstanding anything to the contrary contained in this Agreement, in the event of any dispute between the parties whatsoever arising under this Agreement, the parties agree to submit such dispute to binding arbitration, to be held in Harris County, Texas. The parties shall seek to agree upon a single arbitrator, failing which each party to the dispute shall appoint an arbitrator, who shall be a licensed attorney or licensed arbitrator acting independently and not as an advocate or representative of any party, and the two (2) arbitrators so appointed shall select a third arbitrator. The arbitrators shall meet, review all facts and circumstances related to the dispute, and tender their decision as soon as reasonably possible, utilizing the Rules of Arbitration of the American Arbitration Association as to procedure but not as to fees. The final decision shall require the agreement of a majority of the arbitrators, and shall be fully binding and enforceable on the parties in any court of competent jurisdiction, and shall not be appealed to any court of law of any jurisdiction. The costs of the arbitration shall be borne by the parties in such manner as determined by the arbitrators.

(c)     The parties shall hold one another harmless from and against any and all liabilities associated with or related to claims or lawsuits against a party arising out of facts or circumstances occurring prior to the effective date of this Agreement.

(d)     This Agreement shall be held strictly confidential and the terms thereof shall not be disclosed to any individual or entity, other than a party's employees, attorneys, accountants, or consultants, without the prior written consent of both parties hereto. No press releases or

Cliveden Petroleum Co. Ltd.
Assignment Agreement
Page 4

other statements for publication shall be made without the prior
written consent of both parties hereto.

(e)   The relationship of the parties under this Agreement, including all
activities related to the execution, administration, and performance of
this Agreement, is that of independent principals and not of a
partnership or joint venture between the parties or the designated
representatives of the parties in any manner whatsoever. Nothing
contained in this Agreement is intended or shall be construed as
creating or giving rise to any relationship between the parties, or the
designated representatives of the parties, of partnership,
employer/employee, principal/agent, or otherwise.

(f)   This Agreement and the Assignment reflect the entire agreement of
the parties and all parties hereto stipulate that no other representations
or agreements have been made, and any representations that may be
made in the future will have no effect whatsoever unless made in
writing and incorporated into this Agreement through formal
amendment.

(g)   This Agreement shall not be changed, modified, or amended in any
way except in writing, and signed by the authorized representatives
of each of the parties hereto.

(h)   In the event any provision of this Agreement shall be determined to
be invalid or non-binding for any reason whatsoever, the remainder
of this Agreement shall continue to be valid and in effect and shall be
fully binding on the parties.

(i)   This Agreement shall be binding upon and shall inure to the benefit
of all parties, their successors, and assigns, except that Assignor shall
not be entitled to assign or transfer the Assignee Interest, without the
prior written consent of Assignee.

(j)   The paragraph headings in this Agreement are inserted for
convenience only and shall not control or affect the meaning or
construction of any portion of this Agreement.

(k)   In the event of a dispute, this Agreement shall be construed neither in
favor of nor against the party that drafted this Agreement.

Cliveden Petroleum Co. Ltd.
Assignment Agreement
Page 5

This Agreement may be executed by counterpart signatures and any such counterpart execution, including facsimile execution, shall be valid and fully binding on all parties, as well as their successors and assigns.

AGREED AND EXECUTED THIS 21st DAY OF MARCH, 2000.

CARLTON ENERGY GROUP, L.L.C.        CLIVEDEN PETROLEUM CO. LTD.

T. C. O'Dell,                          Paul E. Vickrey,
Chairman and Managing Director         President



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   September 10, 2012

Certified Document Number:        53303744 Total Pages:  5

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

# CLIVEDEN PETROLEUM CO. LTD.

## ASSIGNMENT AGREEMENT

This Assignment Agreement ("Agreement") is made and entered into effective as of February 15, 2000 ("Effective Date") by and between Carlton Energy Group, LLC, a Texas limited liability company ("Assignor") and Cliveden Petroleum Co. Ltd., a British Virgin Islands corporation ("Assignee").

RECITALS.

A. Assignor owns and holds an undivided ten percent (10%) working interest together with all rights pertaining thereto (the "Interest") in and under that certain Convention established between and among the Republic of Chad ("Chad"), Trinity Energy Resources, Inc., a Nevada corporation ("Trinity"), Oriental Energy Resources, Ltd., a **Nigerian (TCO, PV)** corporation ("Oriental"), and Assignor dated April 7, 1999, together with exploration Permit "H" issued by the government of Chad (collectively, the "Convention"), covering exploration and development in three (3) areas of northern, central, and southern regions of Chad covering approximately one hundred eight million (108,000,000) acres (the "Area").

B. Assignor desires to assign, and Assignee desires to acquire, the Interest in consideration and exchange for an undivided ten percent (10%) net profits interest in Assignee (the "Assignee Interest").

AGREEMENT.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, the Assignor and Assignee hereby agree as follows:

(1) *Assignment of Interest.* For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Assignor agrees to assign, and does hereby transfer and assign to Assignee or its nominee, subject to any requisite approval of the Minister of Mines and Energy of Chad ("Minister"), all of the rights and interest of Assignor in and to the Interest and the Convention. Assignor shall execute and deliver to Assignee a separate Assignment for acceptance by Assignee and approval by the Minister, in substantially the form attached hereto as Exhibit A hereof (the "Assignment").

(2) *Grant of Assignee Interest.* In consideration of the Assignment and this Agreement, Assignee hereby grants to Assignor a carried, undivided ten percent (10%) interest in distributable net profits (as hereinafter defined) of Assignee. An amount equal to ten percent (10%) of the distributable net profits of Assignee, determined on a quarterly

**TCO, PV**

basis during each calendar year, shall be paid and distributed to Assignor by Assignee within forty-five (45) days after the end of each calendar quarter, accompanied by a statement of distributable net profits prepared by or under the direction of management of Assignee setting forth the computation and determination of distributable net profits of Assignee for the previous calendar quarter.  As used herein, the term distributable net profits means the net income of Assignee from earnings and receipts from operations, fees, and disposition of assets, including without limitation, royalties and bonuses, before income taxes, interest on indebtedness, depreciation, **and** amortization, less all costs and expenses of operations, <u>*</u> administration, sales, severance, and production taxes, and similar burdens, and all costs hereto or hereinafter incurred by Assignor, including third-party costs with respect to the Convention and other properties, and all investment investment, exploitation costs and expenditures, whether capitalized or expensed for bookkeeping and accounting purposes, determined on a cash basis, and otherwise in accordance with generally accepted accounting standards consistently applied.

**\*  - (excluding salaries of directors, principals, or owners and officers – TCO, PV)**

(3) *Assignor Fee*.  Assignee shall assume payment of a fee to Assignor in the amount of five hundred thousand dollars ($500,000), representing payments owed to Assignor by third parties for the efforts of Assignor in identifying, evaluating, structuring, and negotiating the Convention, which obligation has been assumed by Assignee (the "Fee"); provided, however, that the amount of the Fee shall be payable only out of and to the extent that Assignee shall receive net royalties, fees, bonuses, or other payments associated with a farmout or assignment of any interests owned by Assignee with respect to the Convention, after recoupment by Assignee of all of its investments, costs, and expenses, whether or not capitalized, incurred in connection with the Convention, including third-party costs, fees, commissions, travel expenses, prospect, seismic, engineering, and other "sunk" costs, together with recovery and recoupment of any and all expenditures assumed or incurred by Assignee in connection with and as described in that certain Agreement dated December 27, 1999 between Trinity Energy Resources, Inc. and Assignee.

(4) *Administrative Offices*.  Effective March 1, 2000, Assignor shall provide and Assignee will be permitted to occupy and utilize a portion of the offices of Assignor located at 952 Echo Lane, Suite #210, Houston, Texas 77024 for the Houston headquarters of Assignee and to support the technical and commercial work that is being undertaken by Assignee and its consultants.  For this support and use of office space, Assignee will pay Assignor a fee of ten thousand dollars ($10,000) per month payable in advance on the 1st day of each month beginning March 1, 2000.  **<u>Assignor will be reimbursed reasonable out of pocket costs expended on behalf of Assignee by Assignor – TCO, PV.</u>**

(5) *General Provisions*.

**<u>TCO, PV</u>**

(a) This Agreement shall be construed in accordance with, and governed by, the laws of the State of Texas, without giving effect to the conflict of laws provisions thereof. The venue of any legal proceedings whatsoever related to any dispute under this Agreement shall be in the state or federal courts, as the case may be, of Harris County, Texas.

(b) Notwithstanding anything to the contrary contained in this Agreement, in the event of any dispute between the parties whatsoever arising under this Agreement, the parties agree to submit such dispute to binding arbitration, to be held in Harris County, Texas. The parties shall seek to agree upon a single arbitrator, failing which each party to the dispute shall appoint an arbitrator, who shall be a licensed attorney or licensed arbitrator acting independently and not as an advocate or representative of any party, and the two (2) arbitrators so appointed shall select a third arbitrator. The arbitrators shall meet, review all facts and circumstances related to the dispute, and tender their decisions as soon as reasonably possible, utilizing the Rules of Arbitration of the American Arbitration Association as to procedure but not as to fees. The final decision shall require the agreement of a majority of the arbitrators, and shall be fully binding and enforceable on the parties in any court of competent jurisdiction, and shall not be appealed to any court of law of any jurisdiction. The costs of the arbitration shall be borne by the parties in such manner as determined by the arbitrators.

(c) The parties shall hold one another harmless from and against any and all liabilities associated with or related to claims or lawsuits against a party arising out of facts or circumstances occurring prior to the effective date of this Agreement.

(d) This Agreement shall be held strictly confidential and the terms thereof shall not be disclosed to any individual or entity, other than a party's employees, attorneys, accountants, or consultants, without the prior written consent of both parties hereto. No press releases or other statements for publication shall be made without the prior written consent of both parties hereto.

(e) The relationship of the parties under this Agreement, including all activities related to the execution, administration, and performance of this Agreement, is that of independent principals and not of a partnership or joint venture between the parties or the designated representatives of the parties in any manner whatsoever. Nothing contained in this Agreement is intended or shall be construed as creating or giving rise to any relationship between the parties, or the designated representatives of the parties, of partnership, employer/employee, principal/agent, or otherwise.

(f) This Agreement and the Assignment reflect the entire agreement of the parties and all parties hereto stipulate that no other representations or agreements have been made, and any representations that may be made in the future will

**TCO, PV**

have no effect whatsoever unless made in writing and incorporated into this Agreement through formal amendment.

(g) This Agreement shall not be changed, modified, or amended in any way except in writing, and signed by the authorized representatives of each of the parties hereto.

(h) In the event any provision of this Agreement shall be determined to be invalid or non-binding for any reason whatsoever, the remainder of this Agreement shall continue to be valid and in effect and shall be fully binding on the parties.

(i) This Agreement shall be binding upon and shall inure to the benefit of all parties, their successors, and assigns, except that Assignor shall not be entitled to assign or transfer the Assignee Interest, without the prior written consent of Assignee.

(j) The paragraph headings in this Agreement are inserted for convenience only and shall not control or affect the meaning or construction of any portion of this Agreement.

(k) In the event of a dispute, this Agreement shall be construed neither in favor of nor against the party that drafted this Agreement.

This Agreement may be executed by counterpart signatures and any such counterpart execution, including facsimile execution, shall be valid and fully binding on all parties, as well as their successors and assigns.

AGREE AND EXECUTED THIS **31ST** DAY OF MARCH, 2000.

CARLTON ENERGY GROUP, L.L.C.          CLIVEDEN PETROLEUM CO. LTD.


By:_____          By:_____
    T. C. O'Dell,                          Paul E. Vickrey,
    Chairman and Managing Director           President


END OF ASSIGNMENT AGREEMENT


Items underlined and in bold were written in by hand.




**TCO, PV**