```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION

CARLTON ENERGY GROUP LLC,         §
                                  §
     Plaintiff,                   §
                                  §
v.                                §     CIVIL ACTION NO. H-13-95
                                  §
CLIVEDEN PETROLEUM COMPANY        §
LIMITED and CLIVEDEN              §
PETROLEUM SA, et al.,             §
                                  §
     Defendants.                  §
```

## MEMORANDUM AND RECOMMENDATION

Pending before the court[1] are Defendant Cliveden Petroleum Co. Ltd.'s ("Cliveden") Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 143) and Defendant Cliveden's Supplemental Brief in Support of its Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 232).[2]

The court has considered the motion and supplemental motion, the responses, the reply, all other relevant docket entries, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Defendant Cliveden's motion and supplemental motion be **DENIED**.

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure ("Rule") 72. Doc. 31.

[2] Other motions are also pending, which the court will address at a later date. See Doc. 207, Def. China Nat'l Oil & Gas Exploration & Dev. Corp.'s ("CNODC") Mot. to Dismiss Pl.'s 2nd Am. Compl. Pursuant to Rule 12(b)(2); Doc. 208, Def. China Petro. Exploration & Dev. Co. Ltd.'s ("CNPC E&D") Mot. to Dismiss Pl.'s 2nd Am. Compl. Pursuant to Rule 12(b)(2); Doc. 209, Def. CNODC's Joinder in Mot. to Stay Disc.; Doc. 210, Def. CNPC E&D's Joinder in Mot. to Stay Disc.

## I.  Case Background

Plaintiff filed this action in state court to compel arbitration, and Defendant Cliveden timely removed it to this court.³ The parties later agreed that Plaintiff and Defendant Cliveden are contractually bound to arbitrate their disputes and agreed to an ad hoc arbitration.⁴ On August 6, 2013, the court entered a Memorandum and Recommendation, which was adopted, agreeing with Plaintiff and Defendant Cliveden that their agreement required that they arbitrate any dispute arising under the contract and that the arbitration would be binding.⁵ Even so, the court denied Defendant Cliveden's motion to dismiss, rejecting its cornerstone argument that Plaintiff failed to satisfy all conditions precedent to filing suit.⁶

In a separate order entered the same day, the court denied Plaintiff leave to file a proposed amended complaint because it so drastically deviated from the lawsuit's original purpose (to compel arbitration) as to be an entirely new lawsuit.⁷ However, the court read the proposed amended complaint to raise a colorable claim that

---

   ³  See Doc. 1, Notice of Removal; Doc. 1-2, Ex. 2 to Notice of Removal, Pl.'s Original Pet. to Enforce the Binding Arb. Clause.

   ⁴  See Doc. 29-1, Ex. A to Def. Cliveden's Resp. to Pl.'s Mot. for Leave to Amend, Letter from Crady, Jewett & McCulley, LLP, to Williams Kherkher Hart Boundas LLP Dated Apr. 4, 2013; Doc. 42, Tr. of Hr'g on May 24, 2013 pp. 4-5, 9.

   ⁵  Doc. 54, Mem. & Recommendation Dated Aug. 6, 2013 p. 12; Doc. 55, Order Dated Aug. 22, 2013.

   ⁶  See Doc. 54, Mem. & Recommendation Dated Aug. 6, 2013 pp. 12-13.

   ⁷  See Doc. 53, Order Dated Aug. 6, 2013 pp. 9, 11.

the proposed additional defendants may be bound by the arbitration agreement as successors in interest or alter egos of Defendant Cliveden.[8]

On August 26, 2014, the court granted Plaintiff's motion for leave to amend its complaint to add parent and affiliate companies of Defendant Cliveden.[9] Plaintiff's Second Amended Complaint named six additional companies as defendants.[10] Shortly after entering the order allowing amendment, the court denied Defendant Cliveden's second motion to dismiss, which asserted that it and Plaintiff should proceed to arbitration.[11] The court held that it must first determine which entities should be compelled to arbitration.[12] Defendant Cliveden did not object to the recommendation, but, thirteen days after the court's recommendation was adopted, Defendant Cliveden filed a third motion to dismiss, which is currently pending.[13]

In November 2014, four of the six newly added defendants each filed a motion to dismiss for lack of personal jurisdiction and a

---

[8] See id. p. 10.

[9] See Doc. 133, Sealed Order Dated Aug. 26, 2014.

[10] See Doc. 134, Pl.'s Sealed 2nd Am. Compl. pp. 2-6.

[11] See Doc. 138, Mem. & Recommendation Dated Aug. 29, 2014.

[12] See id. p. 21. The Memorandum and Recommendation was adopted on September 16, 2014. See Doc. 142, Order Dated Sept. 16, 2014.

[13] See Doc. 142, Order Dated Sept. 16, 2014 p. 1 n.1; Doc. 143, Defendant Cliveden's Mot. to Dismiss Pl.'s 2nd Am. Compl.

motion to stay discovery.[14] In February 2015, after briefing on the motions to dismiss and to stay discovery was complete, Plaintiff filed a motion for jurisdictional discovery. On April 7, 2015, the court entered a sealed order that granted in part and denied in part the motions to stay discovery and the motion for jurisdictional discovery.[15] The court found that Plaintiff was entitled to jurisdictional discovery, but only related to the factors for determining alter ego and to the four defendants who had filed motions to dismiss based on personal jurisdiction.[16]

On the same day that the court issued that order, the remaining two defendants filed motions to dismiss based on lack of personal jurisdiction and joinders in the motion to stay discovery filed by Defendant CNPC International (Chad) Company ("CNPCIC

---

[14] See Doc. 162, Def. CNPC Int'l (Chad) Co. Ltd.'s ("CNPCIC Bermuda") Mot. to Dismiss Pl.'s 2nd Am. Compl. Pursuant to Fed. R. of Civ. P. 12(b)(2); Doc. 163, Def. PetroChina Co. Ltd.'s ("PetroChina") Mot. to Dismiss Pl.'s 2nd Am. Compl. Pursuant to Fed. R. of Civ. P. 12(b)(2) & 12(b)(5); Doc. 164, Def. PetroChina's Mot. to Stay Disc. Pending Resolution of Mot. to Dismiss; Doc. 165, Def. CNPCIC Bermuda's Mot. to Stay Disc. Pending Resolution of Mot. to Dismiss; Doc. 167, Def. CNPC Int'l (Chad) Ltd.'s ("CNPCIC BVI") Mot. to Dismiss Pl.'s 2nd Am. Compl. Pursuant to Fed. R. of Civ. P. 12(b)(2); Doc. 172, Def. China Nat'l Oil & Gas Exploration & Dev. Corp. Int'l Holding Ltd.'s ("CNODCI") Mot. to Dismiss Pl.'s 2nd Am. Compl. Pursuant to Fed. R. of Civ. P. 12(b)(2); Doc. 177, Def. CNODCI's Joinder in Mot. to Stay Disc.; Doc. 178, Def. CNPCIC BVI's Joinder in Mot. to Stay Disc.
   Defendant PetroChina's motion also argued insufficiency of service of process, but Defendant PetroChina later indicated that it subsequently had been served properly and withdrew that aspect of the motion. See Doc. 163, Def. PetroChina's Mot. to Dismiss Pl.'s 2nd Am. Compl. Pursuant to Fed. R. of Civ. P. 12(b)(2) & 12(b)(5); Doc. 205, Def. PetroChina's Sealed Notice of Serv. of Process & Withdrawal of Rule 12(b)(5) Mot.

[15] See Doc. 206, Sealed Order Dated Apr. 7, 2015.

[16] See id. p. 27.

Bermuda").[17]  Those motions remain pending.

On May 29, 2015, the district judge overruled the objections to and denied the motion to set aside the sealed order on discovery.[18]  On July 30, 2015, the court held a status conference, at which the court addressed various discovery disputes.[19]  Less than two weeks later, Defendant Cliveden filed a supplemental brief in support of its pending motion to dismiss Plaintiff's complaint.[20]  Plaintiff has since responded to the supplemental brief.  The court undertakes consideration of Defendant Cliveden's motion and supplemental motion to dismiss.

## II. Defendant Cliveden's Third Motion to Dismiss

In Defendant Cliveden's third request to be dismissed from this action, it argues that the court lacks jurisdiction over Defendant Cliveden in that Defendant Cliveden's willingness to arbitrate leaves no case or controversy between Defendant Cliveden and Plaintiff.  Defendant Cliveden also contends that Defendant Cliveden's willingness to arbitrate necessarily precludes a finding of Defendant Cliveden's refusal to arbitrate, an essential element

---

[17] Doc. 207, Def. CNODC's Mot. to Dismiss Pl.'s 2nd Am. Compl. Rule 12(B)(2); Doc. 208, Def. CNPC E&D's Mot. to Dismiss Pl.'s 2nd Am. Compl. Rule 12(B)(2); Doc. 209, Def. CNODC's Joinder in Mot. to Stay Disc.; Doc. 210, Def. CNPC E&D's Joinder in Mot. to Stay Disc.

[18] See Doc. 219, Order Dated May 29, 2015.

[19] See Doc. 227, Min. Entry Dated July 30, 2015; Doc. 229, Tr. of Status Conference Held on July 30, 2015.

[20] See Doc. 232, Def. Cliveden's Supplemental Brief in Support of its Mot. to Dismiss Pl.'s 2nd Am. Comp.

of Plaintiff's cause of action to compel arbitration.

Defendant Cliveden filed its supplemental brief to address the concern that the court expressed at the July status conference that dismissal of Defendant Cliveden at this time would require Plaintiff to arbitrate this dispute twice, first against Defendant Cliveden and then against any entity found to be an alter ego. Therein, Defendant Cliveden maintains its position that there is no longer a justiciable controversy between Defendant Cliveden and Plaintiff and adds that its continued presence "serves no practical or legal purpose."[21] Defendant Cliveden presumes that Plaintiff would not initiate arbitration until resolution of the alter-ego issues and is willing to enter a stipulation not to initiate arbitration itself.

## A. Applicable Legal Standards

The court is constitutionally limited to adjudicating "Cases" and "Controversies." U.S. Const. art. III. A case or controversy must exist from the time the complaint is filed through all stages of the litigation. Already, LLC v. Nike, Inc., ___ U.S. ___, 133 S. Ct. 721, 726 (2013)(quoting Alvarez v. Smith, 558 U.S. 87, 92 (2009)). As long as the issues presented are live and the parties have "a legally cognizable interest in the outcome," the action is justiciable. Id. The U.S. Supreme Court has cautioned that a defendant cannot moot a case by ending its unlawful conduct. See

---

[21]   Id. p. 2.

id. at 727.  "[A] defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur."  Id. (quoting Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 190 (2000)).

The court, in determining whether it is properly vested with subject matter jurisdiction, is "free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case."  Krim v. pcOrder.com, Inc., 402 F.3d 489, 494 (5th Cir. 2005)(quoting Montez v. Dep't of Navy, 392 F.3d 147, 149 (5th Cir. 2004)).

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), dismissal of an action is appropriate whenever the pleading, on its face, fails to state a claim upon which relief can be granted.  It need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009).  Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

**B.  Discussion**

Defendant Cliveden and Plaintiff's agreement to arbitrate does not resolve all of the issues pending before the court. As Plaintiff aptly characterizes the court's position, "the dispute was not only whether [Defendant Cliveden] must arbitrate, but whether [Plaintiff] and [Defendant Cliveden] must arbitrate alone."[22] The court maintains its position that the "case should not be dismissed until the parties litigate all of the issues that inform the court's decision on which entities should be compelled to arbitration."[23]

Notably, the parties are not wholly in agreement regarding arbitration. Defendant Cliveden and the other defendants contend that only Defendant Cliveden should be a participant in arbitration, while Plaintiff contends that the other defendants are alter egos of Defendant Cliveden and must also be present in arbitration. Which parties must participate in arbitration is a live issue affecting Defendant Cliveden's legal interests as dearly as it affects the legal interests of its parent and affiliated companies that are now also parties to this action, particularly because Defendant Cliveden's corporate status is at issue. The court gave Defendant Cliveden and Plaintiff an opportunity to reach an agreement as to the proper parties to arbitration, but they were unable to do so. Clearly, the dispute is a live controversy.

---

[22]    Doc. 159, Pl.'s Resp. to Def. Cliveden's Mot. to Dismiss p. 4.

[23]    Doc. 138, Mem. & Recommendation Dated Aug. 29, 2014 p. 21.

The court further notes that, although Defendant Cliveden itself is not refusing to arbitrate, its alleged alter egos are. If Plaintiff is successful in proving the alter-ego relationship, the refusal of its alter egos is attributable to Defendant Cliveden just as the personal jurisdiction of Defendant Cliveden is attributable to its alter egos.

Additionally, while professing a willingness to arbitrate, Defendant Cliveden is not agreeing to arbitrate under the same conditions sought by Plaintiff.  In addition to the dispute over the arbitration participants, Plaintiff identifies another point of contention—the method and terms of appointing an arbitrator. Defendant Cliveden must remain a party to this case until the court determines all of the parameters and conditions of arbitration. These disputes satisfy both the case-or-controversy requirement of Article III and the elements of an action to compel arbitration.

In its supplemental brief, Defendant Cliveden argues that the case is now focused on the non-signatories, and Defendant Cliveden's presence is no longer necessary.  In addition to the reasons stated above, the court finds the argument unavailing for the reasons presented in Plaintiff's responsive briefs.  First, the court agrees that the fact-intensive determination of alter ego requires information from both sides.  Cf. Bridas S.A.P.I.C. v. Gov't of Turkm., 345 F.3d 347, 359 (5th Cir. 2003)(noting that alter-ego determinations are fact based and require consideration

of "the totality of circumstances in which the instrumentality operates").

Second, there are procedural reasons that Defendant Cliveden's presence is still necessary. The court cannot accord complete relief without Defendant Cliveden's presence, and Defendant Cliveden cannot protect its interests related to the determination of its corporate status unless it remains a party. Therefore, Rule 19 requires Defendant Cliveden's joinder. Additionally, although the discovery is focused on the other defendants at this time, Defendant Cliveden may be required to participate in future discovery or to supplement its responses to previous discovery requests. In short, Defendant Cliveden may be able to provide more information necessary for the court to resolve the alter-ego issue.

### III.  Conclusion

Based on the foregoing, the court **RECOMMENDS** Defendant Cliveden's third motion to dismiss and supplemental motion to dismiss be **DENIED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Rule 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 27th day of August, 2015.

_____
U.S. MAGISTRATE JUDGE