United States District Court
Southern District of Texas
**ENTERED**
January 28, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLTON ENERGY GROUP LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-95 |
| | § | |
| CLIVEDEN PETROLEUM COMPANY | § | |
| LIMITED and CLIVEDEN | § | |
| PETROLEUM SA, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court[1] are: (1) Defendant China National Oil and Gas Exploration and Development Corporation's ("CNODC") Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2) (Doc. 207); (2) Defendant China Petroleum Exploration & Development Company Limited's ("CNPC E&D") Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Rule 12(b)(2) (Doc. 208); (3) Defendant CNODC's Joinder in Motion to Stay filed by Defendant CNPC International (Chad) Co. Ltd. ("CNPCIC Bermuda") (Doc. 209); and (4) Defendant CNPC E&D's Joinder in Motion to Stay Discovery filed by Defendant CNPCIC Bermuda (Doc. 210).

The court **DENIES** the motions to stay as **MOOT**. The court **RECOMMENDS** that the motions to dismiss be **DENIED** with leave to refile after the completion of jurisdictional discovery.

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. Doc. 31.

All of the pending motions were filed on the same day that the court entered a sealed order granting in part and denying in part Defendants PetroChina Company Limited ("PetroChina"), CNPCIC Bermuda, CNPC International (Chad) Ltd. ("CNPCIC BVI"), and China National Oil and Gas Exploration and Development Corporation International Holding Ltd.'s ("CNODCI") motions to stay discovery and Plaintiff's Motion for Jurisdictional Discovery.  The parties have reached an agreement that CNODC and CNPC E&D will participate in jurisdictional discovery to the same extent as that ordered by the court for the other four defendants, without waiving any Rule 12 defenses or objections to the court's rulings on the pending motions.[2]  Likewise, the stipulation does not waive any of Plaintiff's rights or arguments.[3]  The motions to stay discovery are, therefore, moot.

Defendants CNODC and CNPC E&D's motions to dismiss argue that the court cannot exercise personal jurisdiction over either of them and offer very similar arguments to the motions to dismiss filed by Defendants PetroChina, CNPCIC Bermuda, CNPCIC BVI, and CNODCI.  On August 17, 2015, the court denied the latter group of defendants' motions to dismiss without prejudice with the understanding that the motions would be filed again after the completion of jurisdictional discovery.  Defendants CNODC and CNPC E&D's

---

[2]   See Doc. 258, Jt. Stipulation pp. 3-4.

[3]   See id. p. 4.

participation in the jurisdictional discovery warrants denial of their pending motions to dismiss on the same basis.

The court alerts Plaintiff that, as with Defendants PetroChina, CNPCIC Bermuda, CNPCIC BVI, and CNODCI, Plaintiff will have to show that alter ego status connects Defendants CNODC and CNPC E&D individually to Defendant Cliveden Petroleum Company Limited in order for the court to exercise personal jurisdiction. The court acknowledges that Defendants CNODC and CNPC E&D have voluntarily agreed to participate in jurisdictional discovery to the extent ordered by the court for the other defendants and orders that they refile their motions to dismiss only if, after discovery, they can offer legitimate arguments against the court's exercise of personal jurisdiction.

The court **DENIES** the motions to stay as **MOOT**. The court **RECOMMENDS** that the motions to dismiss filed by Defendants CNODC and CNPC E&D be **DENIED** with leave to refile after the completion of jurisdictional discovery. The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the

United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 28th day of January, 2016.

U.S. MAGISTRATE JUDGE